JAQUALIN FRIEND PETERSON (6226)
CHRISTINE HASHIMOTO (15624)
Assistant Utah Attorneys General
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
E-mail: jfpeterson@agutah.gov
E-mail: chashimoto@agutah.gov
*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| KATHRYN MOORE, | **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** |
|---|---|
| Plaintiff, | |
| vs. | Case No. 2:22-cv-00107-RJS-DBP |
| PARK CITY SCHOOL DISTRICT, | Judge Robert J. Shelby |
| Defendant. | Magistrate Dustin B. Pead |

Park City School District ("Defendant" or "District"), by and through its undersigned counsel, Jaqualin Friend Peterson and Christine Hashimoto, Assistant Utah Attorneys General, hereby Answers Plaintiff's Complaint, Doc. 2-3, and asserts its defenses as follows:

**NATURE OF THE CASE[1]**

Plaintiff's characterization of the nature of her case does not require a response by Defendant. Nonetheless, Defendant denies all allegations asserted herein.

---

[1] For ease of reference and reading, Defendant uses the same headings in this pleading as those contained in the Complaint. Defendant does not admit the headings are accurate or accurately describe the allegations that follow them and, to the extent the headings ascribe liability, Defendant denies any such liability.

## PARTIES

1. Defendant is without information sufficient to form a belief as to the allegations in paragraph 1 and therefore, denies the same.

2. Defendant admits that it provides educational services to residents of the State of Utah and that Defendant was Plaintiff's employer during the 2020-2021 school year. The remaining allegations of paragraph 2 constitute a legal conclusion not requiring a response by Defendant.

## JURISDICTION AND VENUE

3. Defendant admits that this Court has subject matter jurisdiction over Plaintiff's Title IX claim and her pendant contract claims.

4. Defendant admits that venue is proper in this Court.

## GENERAL FACTUAL ALLEGATIONS

5. Defendant admits that, on September 16, 2020, Plaintiff was offered "appointment to a contract licensed position with the Park City School District for the 2020-2021 school year only." Defendant denies the remaining allegations of paragraph 5 not specifically admitted above. Defendant further avers that the offer letter speaks for itself.

6. Defendant admits the allegations in paragraph 6.

7. Defendant admits the allegations in paragraph 7.

8. Defendant is without information sufficient to form a belief as to the allegations in paragraph 8 and therefore, denies the same.

9. Defendant is without information sufficient to form a belief as to the allegations in paragraph 9 and therefore, denies the same.

10. Defendant admits that Plaintiff informed Principal Hauck and the parents of the children involved that several girls in her class had come to her and reported that another student in the class (a boy) was touching them in a way that made them very uncomfortable, specifically pulling the girls towards him, pulling their hair, pushing them, and tackling them in an uncomfortable way. Defendant denies that this event occurred on December 4, 2020. Defendant avers that Plaintiff informed the parents of the children involved about the girls' report as early as the afternoon of December 2, 2020. Defendant is without information sufficient to form a belief as to the remaining allegations in paragraph 10 and therefore, denies the same.

11. Defendant is without information sufficient to form a belief as to the allegations in paragraph 11 and therefore, denies the same. Defendant avers that the way in which the events were originally reported to the parents involved and to Principal Hauck was that several girls in Plaintiff's class had come to her and reported that another student in the class (a boy) was touching them in a way that made them very uncomfortable, specifically pulling the girls towards him, pulling their hair, pushing them, and tackling them in an uncomfortable way.

12. Defendant is without information sufficient to form a belief as to the allegations in paragraph 12 and therefore, denies the same. Defendant avers that the way in which the events were originally reported to the parents involved and to Principal Hauck was that several girls in Plaintiff's class had come to her and reported that another student in the class (a boy) was touching them in a way that made them very uncomfortable, specifically pulling the girls towards him, pulling their hair, pushing them, and tackling them in an uncomfortable way.

13. Defendant admits that on or about December 3, 2020, Plaintiff informed Principal Hauck that several girls in her class had come to her and reported that another student in the class

(a boy) was touching them in a way that made them very uncomfortable, specifically pulling the girls towards him, pulling their hair, pushing them, and tackling them in an uncomfortable way. Defendant denies the remaining allegations of paragraph 13 not specifically admitted above.

14. Defendant admits that Plaintiff informed the parents of the children involved about the situation. Defendant denies the remaining allegations of paragraph 14 not specifically admitted above. Defendant avers that Plaintiff had already communicated with some of the parents of the children involved about the situation on December 2, 2020, prior to informing Principal Hauck. Defendant further avers that no one used the phrase "sexual harassment" in describing the girls' report or the situation at issue.

15. Defendant admits that Principal Hauck asked Plaintiff to create a gender-separate seating chart within the classroom for when her class returned from winter break until a follow-up plan could be developed. Defendant is without information sufficient to form a belief as to the remaining allegations in paragraph 15 and therefore, denies the same.

16. Defendant denies that anyone used the phrase "sexual harassment" to describe the report that was made by the girls in Plaintiff's classroom or the incident at issue. Defendant is without information sufficient to form a belief as to the remaining allegations in paragraph 16 and therefore, denies the same.

17. Defendant admits that the boys and girls in Plaintiff's classroom had gender-separate seating for a time. Defendant is without information sufficient to form a belief as to the remaining allegations in paragraph 17 and therefore, denies the same.

18. Defendant admits that Principal Hauck made the decision to separate the boys and the girls for recesses beginning two weeks before the winter holiday break. Defendant also admits

that Principal Hauck asked Plaintiff to create a gender-separate seating chart within the classroom for when her class returned from winter break until a follow-up plan could be developed. Defendant is without information sufficient to form a belief as to the allegations in paragraph 18 and therefore, denies the same.

19.     Defendant denies the allegations in paragraph 19.

20.     Defendant is without information sufficient to form a belief as to the allegations in paragraph 20 and therefore, denies the same.

21.     Defendant admits that in or around January 11, 2021 through January 13, 2021, each of the students in Plaintiff's classroom was interviewed individually as part of an ongoing investigation into the events at issue and the classroom climate. Defendant further admits that on or about January 19, 2021, there was a partial re-integration of the students in Plaintiff's class based on a determination that students felt safe within the classroom, and that a vast majority of students were ready to re-integrate both at recess and within the classroom. Defendant avers that this was not the only time that the District communicated with the children involved or their parents about the situation. Defendant further avers that Plaintiff was not only included in most of the meetings relating to the events at issue, but Plaintiff was also informed as early as January 5, 2021, that PPES Social Worker, Jenny Wojcikowski, and the Associate Superintendent for Student Health and Wellness, Dr. Belnap, would interviewing the children, and she applauded that effort, saying: "Thank you all for clarifying eyes and ears and great forward progress suggestions." Further, Plaintiff collaborated with the District and was an active participant in all plans that arose out of the events at issue. Plaintiff's December 3, 2020, communication to parents is just one example of her role in the District's actions:

> As I said earlier, I would let you know when we had a plan in place. We have done an investigation into this situation and have made a plan to move forward. Again, our first priority is to make sure that our classroom is a safe and welcoming place. After speaking with each child involved, our team decided that we are going to break the class in half and have a discussion about the best ways to celebrate on the playground, best ways to play field games, best ways to treat each other in class. Because this is a very sensitive issue, we have decided to have the boys go with Ms. Waugaman and Mr. Demers to the gym to discuss the above topics and hand to yourself policy. The girls will stay in the classroom with myself and out behavior specialists to have the same discussion. We are taking this very seriously and want to hear the kids but also find our way forward."

Defendant is without information sufficient to form a belief as to the remaining allegations in paragraph 21 and therefore, denies the same.

22. Defendant admits that on or about January 26, 2021, a substitute teacher showed up to Plaintiff's classroom and told Plaintiff that she would be subbing for her. Defendant also admits that Jobana Gertz, the school secretary, walked the substitute teacher to Plaintiff's classroom but then she left. Defendant is without information sufficient to form a belief as to the remaining allegations in paragraph 22 and therefore, denies the same.

23. Defendant is without information sufficient to form a belief as to the allegations in paragraph 23 and therefore, denies the same.

24. Defendant admits that Principal Hauck showed up after the substitute teacher and told Plaintiff that everything was alright. Defendant denies the remaining allegations of paragraph 24 not specifically admitted above.

25. Defendant admits that after Principal Hauck and the substitute teacher left Plaintiff's classroom, Plaintiff remained with her class the rest of the day. Defendant is without information sufficient to form a belief as to the remaining allegations in paragraph 25 and therefore, denies the same.

26. Defendant admits that Principal Houck met with Plaintiff in his office the morning of January 27, 2021. Defendant is without information sufficient to form a belief as to the remaining allegations in paragraph 26 and therefore, denies the same.

27. Defendant admits that Principal Houck and Dr. Shad Sorenson, the District's Director of Human Resources, were present in the meeting. Defendant denies the remaining allegations of paragraph 27 not specifically admitted above.

28. Defendant admits that Dr. Sorenson characterized the transfer as an "opportunity." Defendant denies the remaining allegations of paragraph 28 not specifically admitted above.

29. Defendant is without information sufficient to form a belief as to the remaining allegations in paragraph 29 and therefore, denies the same.

30. Defendant is without information sufficient to form a belief as to the remaining allegations in paragraph 30 and therefore, denies the same.

31. Defendant admits that Dr. Sorenson characterized the transfer as an "opportunity." Defendant denies the remaining allegations of paragraph 31 not specifically admitted above.

32. Defendant denies the allegations in paragraph 32.

33. Defendant admits that Plaintiff was transferred to Trailside Elementary School effective February 1, 2021. Defendant denies the remaining allegations of paragraph 33 not specifically admitted above.

34. Defendant admits that Plaintiff's assignment at Trailside Elementary School was to serve as a building substitute. Defendant denies the remaining allegations of paragraph 34 not specifically admitted above. Defendant avers that Plaintiff's compensation remained the same.

35. Defendant is without information sufficient to form a belief as to the remaining allegations in paragraph 35 and therefore, denies the same.

36. Defendant admits that it gave Plaintiff a letter on April 2, 2021, confirming that her "assignment with Park City School District ends June 3, 2021 and a contract will not be extended for the 2021-2022 school year." Defendant denies the remaining allegations of paragraph 36 not specifically admitted above. Defendant avers that Plaintiff did not receive a nonrenewal letter and she was eligible for rehire. Defendant further avers that it gave all employees who, like Plaintiff, were offered an "appointment to a contract licensed position with the Park City School District for the 2020-2021 school year only" a letter informing them that their "assignment with Park City School District ends June 3, 2021 and a contract will not be extended for the 2021-2022 school year."

37. The allegations of paragraph 37 constitute a legal conclusion not requiring a response by Defendant. However, to the extent a response is required, Defendant admits that pursuant to Utah law, a provisional employee must work for a school district on at least a half-time basis for three consecutive years to obtain career employee status. Defendant also admits that during the first three years of provisional employment, the District may decide not to renew a provisional employee's contract for the following academic year for any reason or no reason. Finally, Defendant admits that, pursuant to Utah law, the District would need to give a provisional employee 60 days' written notice of nonrenewal prior to the expiration of the current one-year contract. Defendant denies the remaining allegations of paragraph 37 not specifically admitted above.

38. Defendant admits that Plaintiff was offered an "appointment to a contract licensed position with the Park City School District for the 2020-2021 school year only." Defendant further admits that Plaintiff was not a provisional employee and that her contract with the District would

not automatically renew. Defendant denies the remaining allegations of paragraph 38 not specifically admitted above. Defendant further avers that the offer letter speaks for itself. Also, Defendant avers that Plaintiff did not receive a nonrenewal letter and she was eligible for rehire.

39. Defendant is without information sufficient to form a belief as to the allegations in paragraph 39 and therefore, denies the same.

40. Defendant admits that Plaintiff applied to approximately 10 teaching positions within the District. Defendant avers that Plaintiff submitted five of these applications and was interviewed for at least one of the District's open positions before she received the District's April 2, 2021 letter confirming that her "assignment with Park City School District ends June 3, 2021 and a contract will not be extended for the 2021-2022 school year." Plaintiff's interviews occurred on March 25, 2021 and March 26, 2021. Defendant is without information sufficient to form a belief as to the remaining allegations in paragraph 40 and therefore, denies the same.

41. Defendant admits that Plaintiff applied to approximately 10 teaching positions within the District. Defendant further admits that Plaintiff received two interviews but was not offered a position for any of the openings that she applied for. Defendant is without information sufficient to form a belief as to the remaining allegations in paragraph 41 and therefore, denies the same.

42. Defendant denies the allegations in paragraph 42.

43. Defendant is without information sufficient to form a belief as to the allegations in paragraph 43 and therefore, denies the same.

44. Defendant is without information sufficient to form a belief as to the allegations in paragraph 44 and therefore, denies the same.

45. Defendant is without information sufficient to form a belief as to the allegations in paragraph 45 and therefore, denies the same. Defendant further avers that as it regards the District, Plaintiff's interviews occurred before she received the District's April 2, 2021 letter informing her that her "assignment with Park City School District ends June 3, 2021 and a contract will not be extended for the 2021-2022 school year."

46. Defendant is without information sufficient to form a belief as to the allegations in paragraph 46 and therefore, denies the same.

## FIRST CAUSE OF ACTION
## Retaliation in Violation of Title IX

47. Defendant incorporates and reasserts its responses from paragraph 1 through 46, as if set forth fully herein.

48. The allegations of paragraph 48 constitute a legal conclusion not requiring a response by Defendant.

49. Defendant is without information sufficient to form a belief as to the allegations in paragraph 49 and therefore, denies the same.

50. Defendant denies the allegations in paragraph 50.

51. Defendant admits that Plaintiff was reassigned to Trailside Elementary School. Defendant denies the remaining allegations of paragraph 51 not specifically admitted above.

52. Defendant denies the allegations in paragraph 52.

53. Defendant denies the allegations in paragraph 53.

54. Defendant denies the allegations in paragraph 54.

## SECOND CAUSE OF ACTION
### Breach of Contract

55. Defendant incorporates and reasserts its responses from paragraph 1 through 54, as if set forth fully herein.

56. Defendant denies the allegations in paragraph 56.

57. Defendant admits that Ms. Moore is a mandatory reporter under Title IX. Defendant denies the remaining allegations of paragraph 57 not specifically admitted above.

58. Defendant is without information sufficient to form a belief as to the allegations in paragraph 58 and therefore, denies the same.

59. Defendant denies the allegations in paragraph 59.

60. Defendant denies the allegations in paragraph 60.

61. Defendant denies the allegations in paragraph 61.

## THIRD CAUSE OF ACTION
### Breach of the Duty of Good Faith and Fair Dealing

62. Defendant incorporates and reasserts its responses from paragraph 1 through 61, as if set forth fully herein.

63. The allegations of paragraph 63 constitute a legal conclusion not requiring a response by Defendant.

64. Defendant denies the allegations in paragraph 64.

65. Defendant denies the allegations in paragraph 65.

66. Defendant denies the allegations in paragraph 66.

## REQUEST FOR A JURY TRIAL

This paragraph does not require a response from Defendant.

## PRAYER FOR RELIEF

In response to Plaintiff's Prayer for Relief, Defendant denies that Plaintiff is entitled to any relief that she purports to seek in the Complaint.

## GENERAL DENIAL

Defendant denies each and every allegation of the Complaint not specifically admitted herein. By way of further answer and affirmative defenses, Defendant states as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff is barred, in whole or in part, by the doctrines or defenses of waiver, consent and/or estoppel. Specifically, as it regards Plaintiff's contractual claims, Plaintiff accepted a one-year contract with the District, knowing there would be no expectation that her employment with the District would continue the following year (whether by automatic renewal or application) because her employment contract expressly stated that Plaintiff was being offered an "appointment to a contract licensed position with the Park City School District for the 2020-2021 school year only." Plaintiff is thus estopped from claiming otherwise. Likewise, as it regards her reassignment to Trailside Elementary School, Plaintiff has waived any purported breach of any contractual obligation that might have existed not to reassign her and/or manifest her consent or acceptance regarding the reassignment by her continued employment with the District at Trailside Elementary School.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff is barred, in whole or in part, because the contract, if any, Plaintiff is suing under fails for lack of consideration. Specifically, to the extent that Plaintiff is relying on the District's policy prohibiting discrimination and harassment to support her claim that the District breached its contractual obligations not to retaliate against her for reporting sexual harassment, this

12

prohibition against retaliation for reporting a Title IX or other federal or state law violation is statutory and exists apart from any contract. Under Utah law, "[i]t is well recognized that the performance of a duty imposed by law is insufficient consideration to support a contract." *Prows v. State*, 822 P.2d 764, 768 (Utah 1991); *see also Diamanti v. Aubert*, 251 P. 373, 374 (Utah 1926) (recognizing "general rule that the performance of, or promise to perform, an existing legal obligation is not a sufficient consideration for a promise given in return"). Thus, the District's alleged promise to comply with federal and state statutory obligations by not retaliating against Plaintiff is insufficient consideration to support Plaintiff's contract claim.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is barred, in whole or in part, because prior to the commencement of this action, Defendant duly satisfied and discharged all duties and obligations owed to Plaintiff arising out of any and all agreements, representations, or contracts made by or on behalf of Defendant.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is barred, in whole or part, because even if Plaintiff's allegations of breach of contract are true, Plaintiff did not suffer damages (economic loss) as a result of either the reassignment, or issuance of the April 2, 2021 letter, confirming that her "assignment with Park City School District ends June 3, 2021 and a contract will not be extended for the 2021-2022 school year." Plaintiff's compensation did not change as a result of her reassignment. Also, Plaintiff accepted the appointment with the District, knowing there would be no expectation that her employment with the District would continue the following year (whether by automatic renewal or application) because her employment contract expressly stated that Plaintiff was being offered an "appointment to a contract licensed position with the Park City School District for the 2020-2021 school year only."

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff is barred, in whole or in part, because of Plaintiff's failure to mitigate her damages. Further, in the alternative, to the extent Plaintiff has mitigated her damages, Defendant is entitled to a credit or set-off.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff is barred, in whole or in part, because Plaintiff's injuries, if any, were not proximately caused by any action, omission or other conduct of Defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff is barred, in whole or in part, because any injuries and damages claimed by Plaintiff arose from Plaintiff's own actions or omissions or from the actions or omissions of third parties over whom Defendant had no authority or control.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff is barred, in whole or in part, because Plaintiff's injuries, if any, were the result of superseding and/or intervening causes and were not proximately caused by any act, omission, or other conduct of Defendant, or its officers, agents, or employees.

**NINETH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to an award of attorneys' fees or costs for any contractual breach. Specifically, Plaintiff's contract with the District has no express provision for award of costs or fees if one or the other party prevails on a breach of contract claim.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part because all acts of Defendant were done in good faith.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part because all acts of Defendant were motivated by legitimate, non-discriminatory, and non-retaliatory reasons and/or as a result of business necessity unrelated to any alleged discrimination or retaliation.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to any of the relief she requests because the employment actions at issue would have been taken even in the absence of any unlawful discrimination or retaliation.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to recover punitive damages, and any allegations in support of a claim for punitive damages should be stricken, because under Utah law, punitive damages are not permissible against a government entity. Likewise, punitive damages are not available under Title IX. *See Barnes v. Gorman*, 536 U.S. 181 (2002). Finally, punitive damages are not available under Utah law for any contractual breach.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to recover emotional distress damages. Title IX is a statute authorized by the Spending Clause of the U.S. Constitution. The U.S. Supreme Court has ruled that emotional distress damages are not recoverable in private actions to enforce statutes authorized by the Spending Clause. *See Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S.Ct. 1562 (2022). Likewise, emotional distress damages are not recoverable under Utah law for breach of contract unless explicitly within the contemplation of the parties at the time the contract was entered into. *Cabanass v. Thomas*, 2010 UT 23, 232 P.3d 486. Here, Plaintiff's written employment contract with the District did not explicitly contemplate emotional distress damages. Nor can Plaintiff resort

15

to the implied covenant of good faith and fair dealing as a basis for her breach of contract claim because Utah law will not recognize an implied obligation that is inconsistent with the parties' express contractual terms. See *Vander Veur v. Groove Entertainment Technologies*, 2019 UT 64, 452 P.3d 1173; *Young Living Essential Oils, LC v. Marin*, 2011 UT 64, 266 P.3d 814.

## RESERVATION OF AFFIRMATIVE DEFENSES

Defendants intend to assert each and every affirmative defense available and do not intend to waive any affirmative defenses by failing to assert them herein. Defendants reserve the right to amend this Answer to add additional affirmative defenses as they become known through the discovery process.

DATED this 13th day of September 2022.

SEAN D. REYES
Utah Attorney General

/s/ *Jaqualin F. Peterson*
JAQUALIN FRIEND PETERSON
CHRISTINE HASHIMOTO
Assistant Utah Attorneys General
*Attorneys for Defendant*